# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH KERLIN, | No. 4:18-CV-00481 |
| Plaintiff, | (Judge Brann) |
| v. | |
| PHILIP HOWARD, KNIGHT TRANSPORTATION INC. | |
| Defendants. | |

## MEMORANDUM OPINION

### AUGUST 24, 2018

## I.     BACKGROUND

On February 27, 2018 Plaintiff, Kenneth Kerlin, hereinafter "Kerlin," filed a two-count complaint sounding in negligence[1] against Defendants, Philip Howard, hereinafter "Howard," and Knight Transportation Inc., hereinafter "Knight Transport."  The action was filed after Kerlin was in an automobile accident with Howard, who was operating a Knight Transportation vehicle.

On April 24, 2018, Defendants filed a motion to dismiss the punitive damages demand in Plaintiff's complaint, pursuant to Federal Rule of Civil

---

[1] The action is proceeding before the undersigned pursuant to 28 U.S.C. § 1332.

Procedure 12(b)(6) for failure to state a claim. The matter has now been fully briefed[2]; for the reasons that follow, the motion will be denied.[3]

## II. DISCUSSION

### A. Motion to Dismiss Standard

When considering a motion to dismiss for failure to state a claim upon which relief may be granted,[4] a court assumes the truth of all factual allegations in a plaintiff's complaint and draws all inferences in favor of that party;[5] the Court does not, however, assume the truth of any of the complaint's legal conclusions.[6] If a complaint's factual allegations, so treated, state a claim that is plausible – *i.e.*, if they allow the court to infer the Defendant's liability – the motion is denied; if they fail to do so, the motion is granted.[7]

### B. Facts Alleged in the Complaint

The facts alleged in the complaint, which are very few, I must accept as true for the purposes of this motion. They are as follows. Kerlin was operating a motor vehicle on February 29, 2016, when a vehicle driven by Howard on behalf of

---

[2] Plaintiff's brief is sparse and cites no legal authority. Plaintiff's counsel should be on notice that this sort of lackluster briefing will not be tolerated in the future.

[3] Defendants previously answered Plaintiff's complaint on April 25, 2018, ECF No. 12.

[4] Federal Rule of Civil Procedure 12(b)(6).

[5] *Phillips v. Cnty. Of Allegheny*, 616 F.3d 224, 228 (3rd Cir. 2008).

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *See also Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3rd Cir. 2016).

[7] *Id.*

Knight Transport "pulled out in front of [] Kerlin, causing a violent collision."[8] As a result of the accident, Kerlin suffered various physical and emotional injuries.[9] Kerlin asserts that both Defendants acted "recklessly."

**C. Analysis**

Under Pennsylvania law, punitive damages are only available to compensate "for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others."[10] Fundamentally, punitive damages are penal in nature; the objective is to punish a tortfeasor for his outrageous conduct and to deter him from similar conduct in the future.[11] Pennsylvania has adopted Section 908(2) of the Restatement (Second) of Torts, which permits punitive damages only for conduct that is "outrageous because of the defendant's evil motive or his reckless indifference to the rights of others."[12] Accordingly, a punitive damages claim must be supported by sufficient evidence to establish: (1) that the defendant had a subjective appreciation of the risk of harm to which the

---

[8] ECF No. 1 at ¶ 4.

[9] ECF No. 1 at ¶ 5.

[10] *Hutchison v. Luddy,* 870 A.2d 766, 770 (Pa. 2005) (*citing Feld v. Merriam*, 485 A.2d 742, 747 (Pa. 1984)).

[11] *See id.; see also SHV Coal, Inc. v. Continental Grain Co.*, 587 A.2d 702, 704 (Pa. 1991).

[12] *Feld,* 485 A.2d at 747 (1984) (quoting Chambers v. Montgomery, 411 Pa. 339, 192 A.2d 355 (1963); RESTATEMENT (SECOND) OF TORTS, § 908(2)).

plaintiff was exposed; and (2) that he acted or failed to act in conscious disregard of that risk.[13]

"Although ordinary negligence will not support an award of punitive damages, 'punitive damages are appropriate for torts sounding in negligence when the conduct goes beyond mere negligence and into the realm of behavior which is willful, malicious, or so careless as to indicate wanton disregard for the rights of the parties injured.'"[14] To establish a punitive damages claim, "the state of mind of the actor is vital. The act, or the failure to act, must be intentional, reckless or malicious."[15] A plaintiff must allege facts sufficient to support a plausible claim demonstrating this intentional, wanton, reckless or malicious conduct.[16] A showing of mere negligence, or even gross negligence, will not suffice to establish that punitive damages should be imposed.[17]

Kerlin has alleged that Defendants' conduct was "reckless." Admittedly, the allegations are what, in a different posture, the Court would classify as 'vague'

---

[13] *See Feld*, 485 A.2d at 1097-98.

[14] *Young v. Westfall,* No. 4:06-CV-2325, 2007 WL 675182, at *2 (M.D.Pa. Mar. 1, 2007) (McClure, J.) (*citing Hutchison*, 870 A.2d at 770).

[15] *Hutchison*, 870 A.2d at 770 (*quoting Feld*, 485 A.2d at 748).

[16] *See Twombly*, 550 U.S. at 556.

[17] *Phillips v. Cricket Lighters*, 883 A.2d 439, 445 (Pa. 2005).

or 'conclusory.' However, this Court has consistently held that it is premature to dismiss demands for punitive damages prior to discovery.[18]

I am sympathetic to the position of the Defendants. The complaint here is sparse and it is far from certain that Defendants engaged in any intentional, reckless, or malicious conduct. However, federal courts only require notice pleading. The allegations plead here are sufficient to survive a motion to dismiss, as discovery is necessary to explore these issues – both generally, and as they specifically relate to a punitive damages demand. Today's decision is not to be construed as a finding of fact as to a punitive damages award. It is simply too early in this litigation to dismiss this demand without the benefit of discovery, and the ultimate outcome as to punitive damages would be better resolved, if dismissal is appropriate, at a later stage of these proceedings.

### III. CONCLUSION

Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) is denied. An appropriate Order follows.

> BY THE COURT:
>
> *s/ Matthew W. Brann*
> Matthew W. Brann
> United States District Judge

---

[18] *See, e.g., Cobb v. Nye,* 2014 WL 7067578 (M.D. Pa. December 12, 2014) (Brann, J.); *Cerreta v. Red Roof Inns, Inc.*, No. 4:16-CV-0706, 2016 WL 4611689, at *3 (M.D. Pa. Sept. 6, 2016) (Brann, J.); Tucker v. Horn, No. 4:16-CV-0071, 2016 WL 4679018, at *1 (M.D. Pa. Sept. 7, 2016) (Brann, J.).