# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH KERLIN, | No. 4:18-CV-00481 |
| Plaintiff, | (Judge Brann) |
| v. | |
| PHILIP HOWARD and KNIGHT TRANSPORTATION INC., | |
| Defendants. | |

## MEMORANDUM OPINION

### JANUARY 17, 2020

In this case, Plaintiff Kenneth Kerlin claims damages for negligence arising out of an automobile accident. Defendants Philip Howard and Knight Transportation Inc. move for sanctions against Kerlin and Kerlin's psychologist, Donna Pinter, Ph.D. of Psychological Services Clinic, Inc., for failing to comply with a subpoena and a discovery order issued by this Court. For the reasons set forth below, that motion is granted.

On June 17, 2019, Dr. Pinter was personally served with a document subpoena, despite her attempt to resist service.[1] When Dr. Pinter did not produce the records requested by the subpoena and Plaintiff indicated that he would not authorize disclosure of the full scope of records requested, Defendants moved to

---

[1] Pl. Ex. A at *3 (ECF No. 43-1).

compel production on June 21, 2019.[2] By Order of September 12, 2019, this Court granted Defendants' motion to compel.[3] That Order required Kerlin to produce Dr. Pinter's records within fourteen days.[4]

Kerlin supplied the Order and proper authorizations to Dr. Pinter. She did not respond. On October 11, 2019, Kerlin again faxed the Order to Dr. Pinter.[5] Dr. Pinter did not respond. On October 17, 2019, Kerlin faxed an authorization form with a corrected typographical error to Dr. Pinter.[6] Dr. Pinter did not respond. On October 28, 2019, Defendants' counsel delivered a letter, including a supplemental authorization form signed by Kerlin, by certified mail requesting that Dr. Pinter provide Kerlin's records.[7]

On November 14, 2019, Dr. Pinter finally responded.[8] In her resulting correspondence, she indicated that she would provide dates of service and notes from her sessions with Kerlin, although she believed that "Mr. Kerlin's treatment has absolutely nothing to do with this case" and that "copying those records is a hardship and a waste of trees."[9] In a subsequent phone conversation with defense

---

[2] Mtn. to Compel (ECF No. 31).
[3] Order (ECF No. 41).
[4] *Id.*
[5] Br. in Opp'n at *7–11 (ECF No. 51).
[6] *Id.* at *13–15.
[7] *Id.* at *17–19.
[8] Letter from Brian L. Shephard to the Court Ex. A (ECF No. 52-1).
[9] *Id.*

counsel, she backed away from her prior position, indicating instead that she would allow defense counsel only to view the records in her offices.

On December 11, 2019, this Court issued a scheduling order requiring Dr. Pinter to appear for a hearing on Defendants' motion for sanctions on December 19, 2019.[10] This order also required Dr. Pinter to bring to the hearing Kerlin's entire file.[11] Neither the parties nor the Court received any correspondence from Dr. Pinter in response to this scheduling order. On December 19, 2019, counsel for the parties appeared for the hearing; Dr. Pinter did not. The United States Marshals were dispatched to Dr. Pinter's offices and home, where they learned that Dr. Pinter had left the country without providing notice to the Court.

On or about January 7, 2020, Dr. Pinter produced two hundred pages of records—approximately half of the entire Kerlin file—with substantial redactions apparently made on the original records. This Court reconvened the hearing on Defendants' motion for sanctions on January 14, 2020, at which Dr. Pinter, at long last, appeared with her counsel and produced Kerlin's records.

Federal Rule of Civil Procedure 45(g) provides: "The court for the district where compliance [with a subpoena] is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an

---

[10] Order (ECF No. 53).

[11] *Id.*

order related to it." A nonparty's failure to make timely objections to a subpoena generally constitutes waiver of objections to the validity of the subpoena.[12]

Dr. Pinter's defiance of the subpoena and this Court's subsequent orders is extraordinary. For over six months, Dr. Pinter defied a subpoena by delaying production of the subpoenaed records. For over three months, Dr. Pinter defied the order of this Court compelling production of those records. At no point did Dr. Pinter object to the validity of this subpoena or court order. She consistently ignored, rejected, and obfuscated efforts by both parties to communicate with her and obtain the records. She forced the parties and this Court to waste significant and limited resources litigating these motions and convening *two* hearings for what should have been a routine document production.

Dr. Pinter has not provided an adequate excuse for this conduct. As noted above, she has never objected to the validity of the subpoena or the court order. The only excuse provided by Dr. Pinter, which she testified to at the January 14 hearing, was that she fell ill in November and did not see the scheduling order compelling her attendance at the aborted December 19 hearing. To start, this does nothing to explain why she refused to comply with a subpoena and a court order for (at that time) over four months and two months, respectively. Nor is it an adequate excuse for failing to, at minimum, provide notice that she would be

---

[12] *See R.B. v. Hollibaugh*, 2017 WL 1196507, at *2 (M.D. Pa. Mar. 31, 2017).

unable to attend the December 19 hearing. The order was properly served on her place of business.[13] That her office would receive service and simply not open the official envelope designating it as having been dispatched from the Office of the Clerk of the United States District Court or inform her of it, when combined with this Court's observation of her testimony and her conduct throughout this dispute, is not credible, in addition to being legally irrelevant.[14]

In my time on the bench, I have presided over more than 1,800 civil cases that have reached some form of resolution at trial, by pre-trial or dispositive motion, through settlement conference, by mediation, or by settlement under their own power. Not once have I encountered the obstinance displayed here by Dr. Pinter. Pursuant to Rule 45(g), I find Dr. Pinter in contempt because she failed to comply with a subpoena and subsequent court orders without an adequate excuse. As detailed in an Order to follow, Dr. Pinter shall be liable for the costs and fees incurred as a result of her conduct.[15]

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[13] *See* Pa. R. Civ. P. 402(a)(2)(iii).

[14] *See Dull v. Unemployment Compensation Bd. of Review*, 955 A.2d 1077, 1080 (Pa. Commw. Ct. 2008) (declining to excuse untimely appeal for an illiterate claimant who would not have been able to read the decision that was mailed to her).

[15] I find that Dr. Pinter acted alone in causing this delay. Therefore, I decline to impose sanctions on Kerlin for failure to obtain the records in a timely manner.